Matthew W. Claman, ASBA No. 8809164
Michael J. Parise, ASBA No. 7906044
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-264-3311
Facsimile: 907-276-2631
Email: clamanm@lanepowell.com

Attorneys for A-1 Timber Consultants, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| A-1 TIMBER CONSULTANTS INC.<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FRONTIER, INC.<br><br>　　　　　　Defendant. | Case No. 3:10-cv-00____-____<br><br>**COMPLAINT** |

Plaintiff A-1 Timber Consultants Inc. ("A-1") by and through its attorneys, Lane Powell LLC, and for a cause of action against the above named Defendant, alleges as follows:

### I. NATURE OF ACTION, STATUS OF THE PARTIES, JURISDICTION AND VENUE

1. <u>Nature of Action</u>. On September 21, 2010, Frontier, Inc. ("Frontier") recorded a Claim of Lien in the Kodiak Recording District at document number 2010-001686-0 (the "Claim of Lien"), which purports to lien timber and equipment owned by A-1 in the amount of $970,000.[1] This action seeks: (a) an order that the Claim of Lien is invalid and void; (b) an order enjoining Frontier from asserting any future lien against A-1 and its property; and (c) a money judgment.

2. <u>Controlling Law</u>. This action is governed by the law of the State of Alaska.

3. <u>Status of Plaintiff</u>. A-1 is a Washington corporation, with its principal place of business in Chehalis, Washington.

---

[1] Exhibit 1.

4. <u>Status of Defendant</u>. Frontier is an Idaho corporation, with its principal place of business in Post Falls, Idaho.

5. <u>Jurisdiction</u>. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy, without interest and costs, exceeds the sum or value specified in 28 U.S.C. § 1332. This court is authorized to consider a request for declaratory judgment pursuant to 28 U.S.C. § 2201.

6. <u>Venue</u>. Venue lies in the United States District Court for the District of Alaska pursuant to 28 U.S.C. 1391(a)(1).

## II. FACTS

7. On or about May 7, 2010, A-1 entered into a contract with the Leisnoi Corporation ("Leisnoi") that afforded A-1 the right to harvest certain timber on Kodiak Island, Alaska (the "Leisnoi Timber Contract").

8. In May 2010, Frontier communicated to A-1 that Frontier could secure buyers for logs harvested under the Leisnoi Timber Contract. A-1 advised Frontier that terms of any log sales contract must be acceptable to A-1.

9. On or about May through August 2010, Frontier never presented A-1 with an acceptable buyer and log sales contract.

10. In May 2010, Frontier communicated to A-1 that Frontier could find a person or business entity that would loan money to A-1 or otherwise invest in A-1's work on the Leisnoi Timber Contract. A-1 advised Frontier that any loan agreement or investment agreement must be acceptable to A-1.

11. On or about May through August 2010, Frontier never presented A-1 with a loan agreement or investment agreement that was acceptable to A-1.

9. On or about September 21, 2010, Frontier filed the Claim of Lien, which provides in relevant part:

> Notice is give by this claim that Clarence Maxey, as a representative of [Frontier], residing at 5011 Inverness Drive, Post Falls, Idaho 83854, claims a lien upon a deck of timber and logs, being about 5MMBF in quantity, . . . for labor performed and assistance provided in securing the timber, financing and a buyer for said timber; that the name of the owner or reputed owner is Tom Loushin/[A-1]; that [A-1] employed

[Frontier] to perform the labor and provide the assistance upon the following terms and conditions, to wit:

That [A-1] agreed to pay the [Frontier] and Clarence Maxey for labor and assistance in securing the timber contract and securing financing and a buyer for said timber; that the contract has been faithfully performed and fully complied with on the part of [Frontier], who performed and assisted in securing the timber, financing and a purchaser for the timber for the period of May 7, 2010 to August 21, 2010; that the labor and assistance were so performed and provided upon the agreement of the parties between the 7th day of May and 21st day of August, 2010, and 45 days have not elapsed since that time; that the amount of the claimant's current demand for the service is $49,000.00 plus $10 per MBF on all future timber sold to Kimura and/or all other buyers brought by Kimura, that no part of the claim has been paid except $0; and there is now due and remaining unpaid on the claim, after deducting all just credits and offsets, the sum of $970,000, and that [Frontier] and Clarence Maxey claims a lien in this amount upon the timber and also claims a lien on all the equipment now owned by Tom Loushin/[A-1] in the recording district to secure payment for the work and labor in obtaining or securing the saw logs, spars, piles, cordwood, fuelwood, shingles bolts, or other timber herein in this claim.

10. The Claim of Lien lacks verification.

11. No contract or agreement existed between A-1 and Frontier. Frontier did not provide A-1 labor and assistance securing the Leisnoi Timber Contract or harvesting timber. Frontier failed to secure financing for A-1's logging operations or a buyer for A-1's timber under terms acceptable to A-1.

12. The Claim of Lien is not supported by any state or federal statute.

13. On or about September 29, 2010, Frontier, through its attorney, directed the Claim of Lien and a letter threatening institution of legal proceeding to tie up A-1 logs to parties interested in purchasing such logs, specifically including Sumitomo Corporation, and to Leisnoi.

14. During August, September, and October 2010, A-1 had been in negotiations with Sumitomo Corporation for the sale of A-1's logs. After receiving the Claim of Lien and September 29, 2010, letter from Frontier's attorney, Sumitomo declined to negotiate further with A-1 about purchasing logs until A-1 resolved all issues involving the Claim of Lien.

15. The existence of the Claim of Lien has further inhibited A-1's ability to market and sell its logs, thus forcing A-1 to sell its logs at a lower price and damaging A-1.

### III. FRONTIER'S CLAIM OF LIEN IS INVALID

16. A-1 realleges all allegations set forth above as though each paragraph were repeated at this point verbatim.

17. Alaska Statute 34.35.230 identifies the purpose of Alaska's timber lien regime, and AS 34.35.235 identifies persons entitled to lien timber.

18. The activities alleged in the Claim of Lien do not bring Frontier within the preview of Alaska's timber lien regime and cannot create the basis for a lien under AS 34.35.235. Thus, the Claim of Lien is invalid.

19. Alaska Statute 34.35.240 provides the requirements for claiming a timber lien. Alaska Statute 34.35.240(b) requires that a claim of lien must be verified by the oath of the claimant. A claim of lien lacking verification is invalid.

21. The Claim of Lien is not verified by oath of the claimant as required by 34.35.240 and, therefore, the Claim of Lien is invalid.

22. Under AS 34.35.240(a), a person claiming a lien under AS 34.35.235 must record a claim of lien within 60 days after the completion of the work giving rise to the right to lien.

23. In the Claim of Lien, Frontier asserts that any services it allegedly performed on behalf of A-1 were completed on August 21, 2010. Thus, the time for recording a valid claim of lien has lapsed.

24. The Claim of Lien is invalid, and Frontier is time-barred from filing any other lien against A-1's timber or other property.

### IV. VIOLATION OF NONCONSENSUAL COMMON LAW LIEN STATUTE, AS 09.45.167

24. <u>Re-Allegation</u>. A-1 realleges all allegations set forth above as though each paragraph were repeated at this point verbatim.

25. Alaska Statute 09.45.169(2) provides that liens not authorized by a state or federal statute constitute nonconsensual common law liens.

29. The activities alleged in the Claim of Lien do not bring Frontier within the preview of Alaska's timber lien regime and cannot create the basis for a lien under AS 34.35.235 or any

other state or federal statute. Thus, the Claim of Lien constitutes a nonconsensual common law lien.

30. To file a nonconsensual common law lien, AS 09.45.167 requires that the person offering the lien must have an order from a court of competent jurisdiction that authorizes the recording or filing of the lien.

31. Frontier did not have an order from a court of competent jurisdiction that authorized the recording or filing of its Claim of Lien against A-1.

32. By recording a nonconsensual common law lien without prior authorization, Frontier is liable to A-1 pursuant to AS 09.45.167 for actual and punitive damages, as well as costs and actual reasonable attorney fees.

## V. VIOLATION OF UNFAIR TRADE PRACTICES ACT, AS 45.50.471

33. A-1 realleges all allegations set forth above as though each paragraph were repeated at this point verbatim.

34. The Claim of Lien recorded by Frontier against A-1's timber was invalid.

35. Frontier directed information about the invalid Claim of Lien to A-1's prospective and current business partners.

38. By directing information about the Claim of Lien to A-1's prospective and current business partners, Frontier disparaged the goods of A-1 by making false or misleading representations of fact as defined in AS 45.50.471(b)(7). Frontier's conduct stopped A-1's negotiations with one or more potential buyers and forced A-1 to accept less favorable terms for the logs than A-1 would have received but for the Claim of Lien. Further, Frontier's conduct has limited A-1's ability to secure a buyer for future shipments and/or limited A-1 ability to secure the most favorable terms for future shipments.

40. By the acts described above, Frontier has injured A-1, which entitles A-1 to recover treble damages and actual attorney fees pursuant to AS 45.50.531(a).

## VI. INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIP

33. A-1 realleges all allegations set forth above as though each paragraph were repeated at this point verbatim.

34. A-1 was negotiating with Sumitomo Corporation about a prospective business relationship involving the sale of timber.

35. Frontier knew of A-1's relationship with Sumitomo Corporation.

36. Frontier intended to prevent A-1 from reaching an agreement with Sumitomo Corporation for the sale of timber.

37. A-1 did not reach an agreement with Sumitomo Corporation for the sale of timber.

38. Frontier's actions described above actually interfered with the business relationship between A-1 and Sumitomo Corporation.

39. Frontier's actions described above were not privileged or justified.

39. Through its actions as described above, Frontier damaged A-1 in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, A-1 prays for the following relief:

1. For a declaratory judgment finding that the Claim of Lien filed by Frontier in the Kodiak Recording District, No. 2010-001686-0, is invalid.

2. For an injunction prohibiting Frontier from asserting any lien against the property of A-1 without prior order of this Court

3. For a money judgment against Frontier in an amount of excess of $75,000 plus pre- and post-judgment interest;

4. For an award for attorney fees, costs, and interest incurred in the successful prosecution of this action.

5. For such further and other relief as the Court may deem just and equitable.

DATED this 16th day of November, 2010.

LANE POWELL LLC
Attorneys for Plaintiff A-1Timber Consultants, Inc.

By /s/ Matthew W. Claman
   301 West Northern Lights Boulevard, Suite 301
   Anchorage, Alaska 99503-2648
   Tel:   907-264-3311
   Fax:   907-276-2631
   Email: clamanm@lanepowell.com
   ASBA No. 8809164
